James O'CONNOR, Plaintiff,

v.

CONSOLIDATED COIN CATERERS
CORPORATION, Defendant.

No. C–C–91–277–P.

United States District Court,
W.D. North Carolina,
Charlotte Division.

July 27, 1993.

George Daly, Charlotte, NC, for plaintiff.

James B. Spears, Jr., Jacob J. Modla, Haynsworth, Baldwin, Johnson and Greaves, Charlotte, NC, for defendant.

## MEMORANDUM OF DECISION and ORDER

ROBERT D. POTTER, District Judge.

THIS MATTER is before the Court on motion, filed June 16, 1993, of Consolidated Coin Caterers Corporation ("Consolidated") for summary judgment. Plaintiff James O'Connor filed a response and an affidavit on July 6, 1993, and July 9, 1993. Consolidated followed with a reply on June 19, 1993.

O'Connor's complaint alleges a violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. Specifically, O'Connor alleges that although Consolidated told him that his position was eliminated as part of a reduction in force, Consolidated actually filled his position with a younger man. Now, after the conclusion of discovery, Consolidated has moved for summary judgment.

### Summary Judgment Standard

Summary judgment is appropriate when the pleadings, responses to discovery, and the record reveal that no genuine issue of any material fact exists and that the moving party is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c). The party moving for summary judgment has the initial burden of showing that no genuine issue of any material fact exists and that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). After the moving party has met its burden, the non-moving party must come forward with specific facts showing that evidence exists to support its claims and that a genuine issue for trial exists. Id.; Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); see Fed.R.Civ.P. 56(e) (in response to motion for summary judgment, "adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial"). When considering motions for summary judgment, courts must view facts and inferences in the light most favorable to the party opposing the motion for summary judgment. Matsushita, 475 U.S. at 587–88, 106 S.Ct. at 1356; United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S.Ct. 993, 993, 8 L.Ed.2d 176 (1962). When, however, the evidence from the entire record could not lead a rational fact-finder to find for the non-moving party, no genuine issue for trial exists and summary judgment is appropriate. Matsushita, 475 U.S. at 587, 106 S.Ct. at 1356.

### Factual Background

O'Connor began his employment with Consolidated in 1978. Consolidated principally operates cafeterias and vending machines in industrial plants. O'Connor managed a territory for Consolidated while he was in its employ. In December of 1989, O'Connor became the district manager for the region known in the company as "4Cs South." Four Cs South, centered in Charlotte, encompassed much of southern and western North Carolina until July of 1990 when Ed Williams, O'Connor's immediate supervisor, reallocated some of O'Connor's territory to another manager. On August 9, 1990, Consolidated terminated O'Connor and demoted one other manager as part of a reorganization or reduction-in-force.

Prior to O'Connor's termination, Consolidated and its parent company, Canteen Corporation (collectively "Consolidated/Canteen"), operated three districts in North Carolina and one district in South Carolina. After the reorganization and the consequent reduction-in-force of managers in August of 1990, Consolidated and Canteen operated only two districts in North Carolina and South Carolina collectively. As noted above, O'Connor was terminated and another manager, Allen Hunter, demoted to achieve the reduction in force. Both O'Connor and Hunter were over 50 at the time. Consolidated/Canteen retained Ed Finnell, age 40 at the time, and Mike Kiser, age 35 at the time.

O'Connor's old district was combined into the new Four Cs South which was placed under the supervision of Finnell. The new Four Cs South also included Finnell's old district, Canteen's operations in Columbia, Spartanburg, and Greenville, South Carolina.

### Discussion

To prove a case of age discrimination, the plaintiff must demonstrate that: he was an employee covered by the Act at the time of the unfavorable employment decision, *i.e.*, that he was over forty years of age; he suffered an unfavorable employment action at the hands of an employer covered by the Act, *e.g.*, discharge; and, the unfavorable employment action occurred "under circumstances in which the employee's 'age was a determining factor'" in the action in the sense that "'but for' his employer's motive to discriminate against him because of his age, he would not [have suffered the action]." *Lovelace v. Sherwin–Williams Co.*, 681 F.2d 230, 238 (4th Cir.1982) (citation omitted).

The plaintiff may prove these substantive elements in either of two ways. First, the plaintiff may rely on ordinary principles of proof just as in any case. In other words, the plaintiff could rely on any direct or indirect evidence admissible under the rules of evidence to prove his case by a preponderance of the evidence. If the plaintiff were not able to carry his burden of proof, the defendant-employer would be entitled to judgment as a matter of law and the case would not go to the jury. *Id.* at 239. Second, the plaintiff may rely on the scheme of proof initially applied to Title VII "disparate treatment" cases and known as the *McDonnell–Douglas* proof scheme. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) and *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1980). This scheme of proof favors the plaintiff initially by allowing him to rather easily establish a presumption of discrimination that, once established, compels the defendant-employer to demonstrate a legitimate, nondiscriminatory reason for the unfavorable employment decision.

The *prima facie* case of age discrimination under the *McDonnell–Douglas* proof scheme requires that the plaintiff prove four objective elements, to-wit: (1) he was in the protected age group class under the Act at the time of the unfavorable employment decision; (2) he was discharged; (3) at the time of the discharge, he was performing his job at a level that met his employer's legitimate expectations; and (4) following the discharge, he was replaced by someone of comparable or lesser qualifications outside the protected class. *Equal Employment Opportunity Comm. v. Western Elec. Co.*, 713 F.2d 1011, 1014 (4th Cir.1983). The Court must grant summary judgment if the plaintiff does not present evidence of each of these four elements; "the claimant should not be permitted to establish a 'prima facie case' by satisfying only the first three elements." *Id.* at 1014–1015.

Although the Fourth Circuit has recognized that the fourth element, as stated, is not rigidly applicable to reduction-in-force cases, *id.* at 1014, it has not foreclosed the application of the fourth element to such cases. In fact, the Court has stated that even in reduction in force cases, the employee must demonstrate that the employer "did not treat age neutrally in its [employment decisions]." *Id.* at 1015; *Equal Employment Opportunity Comm. v. Clay Printing Co.*, 955 F.2d 936, 943 (4th Cir.1992) (*citing Western Electric*, 713 F.2d at 1014–1015). *Western Electric* was a large scale reduction in force in which 225 employees were adversely affected. *Id.* at 1013. The instant reduction is not nearly so large or complex; only two employees, O'Connor and Hunter, were adversely affected.

The fourth element of the *McDonnell–Douglas* proof scheme does not normally "fit" well in reduction-in-force cases because the adversely affected employee cannot point to a replacement with whom the discharged employee would logically compare himself. *Id.* at 1014. In this case, however, there is no such problem. As noted above, the reorganization combined O'Connor's old district, Four Cs South, with the South Carolina district. Finnell was the manager of the old South Carolina district. The most obvious

choices to supervise the new, enlarged district would have been Finnell or O'Connor. Because Consolidated/Canteen chose Finnell to head the new district and take over O'Connor's responsibilities, Finnell essentially replaced O'Connor. Indeed, O'Connor testifies in his affidavit that Consolidated/Canteen replaced him with Finnell. Affidavit of Plaintiff (filed July 9, 1993) at ¶ 9.

■ In the instant case, therefore, O'Connor has not produced evidence of the fourth element of age discrimination under the *McDonnell–Douglas* proof scheme. The fourth element requires that the employee-plaintiff show that the employer has replaced the plaintiff with a person outside the protected class.[1] Alternatively, the employee-plaintiff may present other objective evidence that the employer has not treated age neutrally. The protected class consists of all employees age 40 and over at the time of the unfavorable action. 29 U.S.C.A. § 631 (West 1985 & Supp.1993). At the time of the unfavorable action, August 9, 1990, Finnell was 40 years old.[2] Because Finnell was within the protected class and O'Connor has presented no other evidence of that Consolidated/Canteen did not treat age neutrally in deciding to terminate him, the Court finds that O'Connor cannot rely on the *McDonnell–Douglas* proof scheme.

■ O'Connor, however, may prove his case—and defeat this motion for summary judgment—using traditional principles of proof. 713 F.2d at 1014. The principle issue in dispute here is motivation. O'Connor proffers both direct and indirect evidence in his effort to demonstrate discriminatory intent. The direct evidence consists of three remarks that Ed Williams, the decisionmaker for Consolidated/Canteen, made. First, O'Connor testified that Williams remarked—two days prior to O'Connor's termination—"It's about time we started to get· some young blood in this company." O'Connor deposition at 44. Williams made this com-

ment in response to the statement of Don Dillingham, another employee, that he was about to turn 50.

Second, O'Connor testified that Williams remarked—within two weeks of O'Connor's termination—"O'Connor, you're two damn old." O'Connor dep. at 46. O'Connor also testified that Williams remarked—during the same conversation—"O'Connor, you're too damn old for this kind of work." O'Connor, however, also testified that he did not remember anything else about the conversation, including the context of the remarks, the general subject of the conversation, or the length of the conversation. O'Connor dep. at 46–47.

Third, O'Connor testified that Williams stated—sometime during June or July of 1990—that O'Connor was too old to play eighteen holes of golf for five consecutive days. O'Connor, Williams and another employee were watching a playoff of a golf tournament. While watching the tournament, O'Connor remarked that he "couldn't walk that many rounds of golf for five days to play 18 holes for five days." To this comment, Williams responded that O'Connor was "too old." O'Connor dep. at 49.

O'Connor has not presented any evidence that links these three remarks to the decision to discharge him. Stray comments cannot prove age discrimination. In order for O'Connor to rely on these comments to prove age discrimination, he must demonstrate that they were related to the decision to discharge him. *Equal Employment Opportunity Comm. v. Clay Printing Co.*, 955 F.2d 936, 942 (4th Cir.1992). An age discrimination plaintiff must demonstrate that a nexus exists between allegedly discriminatory statements and the unfavorable employment decision at issue. *Id.*

In the instant case, O'Connor has not demonstrated any nexus between Williams' three comments and the decision to discharge him. The first comment, "It's about time to get

---

**1.** The Court is fully aware of cases in other circuits that in which the various circuits decline to apply this rule and merely require the age-discrimination plaintiff to demonstrate that he was replaced by a younger person even if the younger person is also in the protected class. *See Carter v. City of Miami*, 870 F.2d 578, 583 n.

14 (11th Cir.1989) (compiling cases). The Court declines to follow these nonbinding precedents.

**2.** Finnell turned 41 on August 27, 1990, three weeks after O'Connor's termination.

some young blood in this company," was made in response to an employee's own comment on his age. This comment did not indicate an intent to discharge older employees. In *Clay Printing*, the decisionmaker had made comments such as, "too many people have been around here too long and make too much money," and "if employees had been there 10 years or more, they needed to move on," along with references to the company's need to "attract newer, younger people" and "young blood," were not probative of age discrimination or a discriminatory purpose. *Id.* at 942. The Court found that these comments reflect the need of all companies to hire young employees constantly in order to remain vital. The Court noted Chief Judge Haynsworth's comment on this need and the failure of these type comments to show age discrimination:

> In any enterprise, today's juniors will be tomorrow's seniors. Today's seniors can help create a foundation for tomorrow's growth and prosperity, but future realization of the potential of an enterprise lies principally with those who will be in positions of leadership and responsibility in the future.

*Id.* (*quoting Smith v. Flax*, 618 F.2d 1062, 1066 (4th Cir.1980)). Likewise, the Court finds that Williams' comment on the need for young blood in the company is not probative of a discriminatory intent.

Williams' second comment, "O'Connor, you're too damn old for this kind of work," also is not probative of discriminatory intent. The context of the statement must indicate discriminatory intent. O'Connor, however, testified that he did not remember the context or the subject matter of the comment. As such, Plaintiff has not established a nexus between this comment and the decision to discharge him.

Williams made the third comment, that O'Connor was "too old," in response to O'Connor's admission that he could not walk eighteen holes of golf on five consecutive days. Because O'Connor was not a golfer, but rather a general manager in a catering and vending business, Williams' comment has no probative value. Clearly, Williams' comment did not have any nexus to the decision to terminate O'Connor.

O'Connor has also proffered indirect evidence of discriminatory intent. O'Connor argues that he has "substantial indirect evidence tending to show that he was performing well, and that he was better qualified to continue employment than was Ted Finnell. . . ." O'Connor's "substantial evidence," however, consists only of his comparison with Ted Finnell. Most of the indirect evidence that Plaintiff proffers is nothing more than a historical narrative of Plaintiff's employment with Consolidated. The last paragraph of the "Concluding Portion of Memorandum in Response to Motion for Summary Judgment" contains the only possibly probative evidence:

> Plaintiff had a better track record than did Finnell. At the time of plaintiff's termination, his next previous performance evaluation was "commendable minus," whereas Finnell's was "competent minus." Plaintiff placed consistently higher in his salary class than did Finnell within his salary class.

The first statement is merely a conclusion, not evidence. The second statement, although true, is not probative of the performance of each person at the time of the termination. The evaluations of Finnell and O'Connor were made eight to nine months before the decision to terminate O'Connor. This type of evidence—historical evidence of job performance removed in time from the date of the unfavorable decision—is not probative of discriminatory intent. O'Connor has presented no evidence to support the conclusion that he was fulfilling the legitimate expectations of his employer *at the time of the discharge* (or at least performing on the same level as Finnell). Plaintiff simply has presented no specific evidence of the level of his performance relative to Finnell's performance at the time of discharge. As such, O'Connor has not carried his burden of proof. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256–257, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986) (plaintiff, in response to adequately-supported motion for summary judgment, has burden of producing evidence that would support jury verdict).

Because O'Connor cannot present the objective evidence necessary to rely on the *McDonnell–Douglas* scheme of proof and cannot present direct or indirect evidence necessary to prevail under traditional principles of proof, the Court must grant summary judgment for Defendant.

**NOW, THEREFORE, IT IS ORDERED** that Consolidated's motion for summary judgment will be **GRANTED**. The Court will file simultaneously with this memorandum of decision a judgment dismissing the plaintiff's action with prejudice.

## JUDGMENT

THIS MATTER is before the Court on Defendant's motion for summary judgment, filed June 16, 1993.

NOW, THEREFORE, in accordance with the Memorandum of Decision and Order filed simultaneously with this Judgment, IT IS ORDERED, ADJUDGED, AND DECREED that:

1. The Motion of Defendant for Summary Judgment is GRANTED. This Matter is hereby DISMISSED WITH PREJUDICE; and
2. Each party shall bear its own costs.